**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

      v.          Criminal No. 04-50003-001
                 Criminal No. 04-50003-002

**TEDDY LEE FRENCH and**
**CHRISTOPHER CHARLES FRENCH**                                                  **DEFENDANTS**

**O R D E R**

Now on this 5th day of May, 2006, come on for consideration the following motions:

*     Teddy Lee French's **Motion To Refund Bond** (document #50);

*     Christopher Charles French's **Motion To Refund Bond** (document #51);

*     **Motion Of The United States To Forfeit Bail And Entry Of A Judgment Pursuant To Rules 46(f)(1) and (f)(3)(A) Of The Federal Rules Of Criminal Procedure** (document #52); and

*     **Cross-Motion Of The United States To Forfeit Bail And Entry Of A Judgment Pursuant To Rules 46(f)(1) And (f)(3)(A) Of The Federal Rules Of Criminal Procedure** (document #53),

and from said motions, the Court finds and orders as follows:

    1.   Defendants were arrested on November 19, 2003, and bond for each was set at $100,000.00. Each defendant was subsequently released upon payment of $10,000.00 cash bail and the execution of

an unsecured Appearance Bond in the sum of $100,000.00.

Each Appearance Bond provided that the defendant who signed it would "appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case. . . ."

Each Bond further provided that if the defendant failed to perform any of the conditions of the Bond,

> payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

2. Rather than appear for trial as they had agreed, the defendants vanished. They were eventually arrested in Honduras, and returned to this District for further handling of the charges pending against them. Both defendants pled guilty, and were sentenced to terms of imprisonment.

3. **F.R.Cr.P. 46(f)(1)** provides that a court "must declare the bail forfeited if a condition of the bond is breached." In this case, there is no doubt that a condition of each Appearance Bond was breached when, instead of appearing as required to

process the criminal charges against them, the defendants absconded. The Court will, therefore, declare the $10,000.00 cash bail paid on each Appearance Bond forfeited.

4.  **F.R.Cr.P. 46(f)(3)(A)** provides that if the Court "does not set aside a bail forfeiture, the court must, upon the government's motion, enter a default judgment." **F.R.Cr.P. 46(f)(2)(B)** authorizes a court to set aside a bail forfeiture if "it appears that justice does not require bail forfeiture." Neither defendant has attempted to make a showing that justice does not require forfeiture, however, and the Court concludes that there is no basis to set the forfeitures aside. That being the case, default judgments must be entered against the defendants for the amounts of each Appearance Bond that remain unsatisfied, i.e., $90,000.00 as to each defendant.

**IT IS THEREFORE ORDERED** that Teddy Lee French's **Motion To Refund Bond** (document #50) is **denied.**

**IT IS FURTHER ORDERED** that Christopher Charles French's **Motion To Refund Bond** (document #51) is **denied.**

**IT IS FURTHER ORDERED** that the **Motion Of The United States To Forfeit Bail And Entry Of A Judgment Pursuant To Rules 46(f)(1) and (f)(3)(A) Of The Federal Rules Of Criminal Procedure** (document #52) is **granted.** Bail in the amount of $10,000.00 posted on behalf of Christopher Charles French is hereby declared forfeited to the United States, and judgment in the sum of Ninety Thousand

Dollars ($90,000.00) is hereby granted to the United States against Christopher Charles French, with interest at the rate of 4.94% per annum from the date of this Judgment, for all of which execution may issue.

**IT IS FURTHER ORDERED** that the **Cross-Motion Of The United States To Forfeit Bail And Entry Of A Judgment Pursuant To Rules 46(f)(1) And (f)(3)(A) Of The Federal Rules Of Criminal Procedure** (document #53) is **granted**. Bail in the amount of $10,000.00 posted on behalf of Teddy Lee French is hereby declared forfeited to the United States, and judgment in the sum of Ninety Thousand Dollars ($90,000.00) is hereby granted to the United States against Teddy Lee French, with interest at the rate of 4.94% per annum from the date of this Judgment, for all of which execution may issue.

**IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren
                                                 **JIMM LARRY HENDREN**
                                                 **UNITED STATES DISTRICT JUDGE**